IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>JOHIAN SCOTT (1)<br>CAMERON NESBITT (2)<br><br>    Defendant. | 2:25-CR-088-Z-BR |

**CRIMINAL SCHEDULING ORDER**

**1.** This case is set for jury trial at **9:00 a.m. (CDT)** on **Tuesday, March 10, 2026**.

**2.** Counsel and their staff are directed to read this Order before contacting the Court for information. This Order contains basic instructions that address many of the inquiries received by the Court.

SUMMARY OF CRITICAL DEADLINES AND DATES

| | |
|---|---|
| Motions in Limine (¶ 8) | **Tuesday, February 10, 2026** |
| Responses to Motions in Limine (¶ 8) | **Tuesday, February 24, 2026** |
| Pretrial Motions (¶ 9) | **Tuesday, February 17, 2026** |
| Government Designation of Expert Witnesses (¶ 15) | **Tuesday, February 17, 2026** |
| Defendant's Designation of Expert Witnesses (¶ 16) | **Tuesday, February 24, 2026** |
| Expert Witness Designation Objections (¶ 17) | **Saturday, February 28, 2026 by 4:30 pm (CST)** |
| Exchange of Exhibits (¶ 18) | **Tuesday, February 24, 2026 by 4:30 pm (CST)** |
| Exchange of Witness / Exhibit Lists (¶ 19) | **Tuesday, February 24, 2026 by 4:30 pm (CST)** |
| Stipulations and Objections (¶ 21) | **Monday, March 2, 2026 by 4:30 pm (CST)** |
| Time Stamps for Audio / Visual Evidence (¶ 22) | **Wednesday, March 4, 2026 by 4:30 pm (CST)** |
| Trial Brief (¶ 23) | **Wednesday, March 4, 2026 by 4:30 pm (CST)** |

| Trial Binder (¶ 24) | **Wednesday, March 4, 2026** |
|---|---|
| Proposed Voir Dire Questions (¶ 25) (Kacsmaryk_Orders@txnd.uscourts.gov) | **Tuesday, March 3, 2026 by 2:00 pm (CST)** |
| Proposed Jury Charge to Defendant (¶ 26(a)) | **Monday, March 2, 2026 by 2:00 pm (CST)** |
| Proposed Jury Charge Objections (¶ 26(b)) | **Tuesday, March 3, 2026** |
| Proposed Jury Charge to Court (26(c)) (Kacsmaryk_Orders@txnd.uscourts.gov) | **Thursday, March 5, 2026 by 2:00 pm (CST)** |
| **Pretrial Conference** (¶ 27) (First Floor Courtroom) | **Wednesday, March 4, 2026 at 10:00 am (CST)** |
| Courtroom Technology "Dry Run" (¶ 28) | **TBD – Parties Schedule at Pretrial Conference** |
| Plea Agreement Deadline (¶ 29) | **Friday, March 6, 2026 at 4:30 p.m. (CST)** |
| **Trial Date** (¶ 1) | **Tuesday, March 10, 2026 at 9:00 a.m. (CDT)** |

**GENERAL INSTRUCTIONS AND INITIAL DEADLINES**

**3. Compliance with this Order:** Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**4. Formatting and Citations:** All briefs filed with the Court shall comply with the most recent editions of: (1) The Bluebook: A Uniform System of Citation; and (2) the Greenbook: Texas Rules of Form. Specifically, counsel are directed to provide subsections of cited statutes and pinpoint citations when citing cases, i.e., provide the page where the stated legal proposition can be found. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B10.1.2, at 13 (Columbia L. Rev. Ass'n et al. eds., 22nd ed. 2025) (regarding pinpoint citations); *id.* R. 3.3(a), at 76 (regarding subsections). Furthermore, if a brief contains citations to unpublished opinions or to slip-copy versions only available on Westlaw or Lexis, counsel must attach copies of those cases to the brief.

**5. Certificates of Conference:** Pursuant to Local Criminal Rule 47.1, Certificates of Conference must address all parties (including codefendants, if any) affected by the requested relief.

**6. Electronic Filing:** Unless otherwise specified, parties must file any pleading (except an indictment or information), motion, or other paper by electronic means, subject to the mandates of the ECF Administrative Procedures Manual. N.D. TEX. LOC. CRIM. R. 49.2(f). A party may, for cause, move to be excused from the electronic filing requirement.

Pursuant to Local Criminal Rule 49.2(b), when a pleading, motion, or other paper is filed by electronic means, the party must submit the judge's copy[1] using the procedures for Judge Kacsmaryk specified on the Northern District of Texas website. This information can be found at http://www.txnd.uscourts.gov/judge/judge-matthew-kacsmaryk under "Judge Specific Requirements."

**RULE 16 DISCOVERY**

**7.** All discovery requested pursuant to and required by Federal Rule of Criminal Procedure 16 must be completed within a reasonable time prior to trial. Absent a compelling excuse, any evidence for which production or disclosure was timely requested pursuant to and required by Rule 16 but not disclosed within a reasonable time prior to trial will not be admitted at trial.

**MOTIONS IN LIMINE**

**8.** Motions in limine should not be filed as a matter of course. If filed, counsel must file them with the Court and serve them on the opposing party no later than **Tuesday, February 10, 2026**. Responses must be filed with the Court and served on the opposing

---

[1] As defined under Local Criminal Rule 1.1(g), the term "judge's copy" means "a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge."

3

party no later than **Tuesday, February 24, 2026**. Replies to response are not permitted except by leave of court. Parties may file motions in limine on no more than **ten (10) discrete topics** (no subparts) that are actually in dispute. Filing more than ten (10) discrete topics is not permitted except by leave of court. Motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues will be stricken.

**PRETRIAL MOTIONS**

**9.** Pursuant to Federal Rule of Criminal Procedure 12(c), all pretrial motions, notices, requests, and demands shall be filed no later than **Tuesday, February 17, 2026**. Motions practice is governed by Local Criminal Rules 47.1 and 47.2. **The Court will not conduct a hearing on a pretrial motion unless a hearing is required by law or by a rule**. If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely and waived—unless the movant shows "good cause" for the delay. FED. R. CRIM. P. 12(c)(3).

**10. Defendant** shall not file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production unless: (i) Defendant previously submitted a written request seeking the desired discovery, disclosure, or production that expressly specifies the date and time when Defendant is available to receive and review the discoverable, disclosable, or producible information or items in or through the United States Attorney's Office for the Northern District of Texas; AND (ii) the Government has failed to comply with the request.

The Government must respond in writing to any request made in accordance with this paragraph within **seven (7) days** of receiving the request. The Government's written response must state either that the Government (1) will provide the desired discovery, disclosure, or production pursuant to Defendant's request, or (2) will not provide the desired discovery, disclosure, or production, citing the legal or policy bases for the Government's

decision. *See, e.g.*, 18 U.S.C. § 3500 (the Jenks Act); *id.* app. 3; *id.* §§ 1–14; FED. R. CRIM. P. 16; *id.* 26.2; FED. R. EVID. 806; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Lack of actual possession of an item by the Government will not be accepted as a reason for non-production if the Government can obtain possession of the item or, if copiable, a copy of the item upon the Government's request.

If the Government does not comply with such request, Defendant will be permitted to file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production. Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

**11. The Government** shall not file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production unless: (i) the Government previously submitted a written request seeking the desired discovery, disclosure, or production that expressly specifies the date and time when the Government is available to receive and review the discoverable, disclosable, or producible information or items in or through the office of Defendant's counsel; AND (ii) Defendant has failed to comply with the request.

Defendant shall respond, either orally or in writing, to any request made in accordance with such request within **five (5) Government working days** of receiving same. Defendant shall indicate either that the discovery will be allowed, or that the disclosure or production will be made as requested or that the request or portions thereof are objectionable, in which case Defendant shall briefly state the legal basis for such objections. Lack of actual possession of an item by Defendant will not be accepted as a reason for non-production if Defendant can obtain possession of the original or a copy of the item upon request.

If Defendant does not comply with such a request, the Government will be permitted to file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production. Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant, verification as to service of each such request, and the results of efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

**12.** The **Government** shall file a written, substantive response to every pretrial motion filed by Defendant that is not ruled on before the Government's response to the motion is due. The Government's response must indicate whether it is opposed to the motion and, if so, must include argument and authority in support of the Government's opposition. The Government's response to any pretrial motion filed by Defendant must be filed within **fourteen (14) days** after the motion is filed. If the Government is prompted to file a pretrial motion by reason of a pretrial motion filed by Defendant, the Government must file its motion with **fourteen (14) days** after Defendant's motion is filed.

**13.** Defendant shall file a response to any pretrial motion filed by the Government within **fourteen (14) days** after receipt of such motion.

**14. Before a party files a motion for continuance, the party shall confer with counsel for all other parties concerning what dates each cannot be available for trial over the ensuing ninety-day period. The party's motion for continuance shall set out those dates and specify good cause for the continuance.** *See* **N.D. TEX. LOC. CRIM. R. 47.1.**

EXPERT WITNESSES

**15. Government Designation of Experts**: The Government must file a written designation of its expert witnesses, if any, no later than **Tuesday, February 17, 2026 by**

**4:30 p.m. (CST)**, containing the information required by Federal Rule of Criminal Procedure 16(a)(1)(G)(iii).

16. **Defendant's Designation of Experts:** Each defendant must file a written designation of his or her expert witnesses, if any, no later than **Tuesday, February 24, 2026**, containing the information required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii). Changing a witness's status during trial—from expert to fact witness—constitutes a significant alteration and will not be permitted. *See, e.g.*, *Downey v. Denton County*, 119 F.3d 381, 386 (5th Cir. 1997) (holding that the changing of a witness's designation at trial came too late). Each designation must contain a brief statement of the subject matter to be covered by each expert witness and include as an exhibit any relevant resume and/or curriculum vitae for each proposed expert witness.

17. **Expert Objections**: Any motions challenging these designations—including challenges arising under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999)—must be filed no later than **Saturday, February 28, 2026 by 4:30 pm (CST)**.[2] If a party misses the challenge deadline, the motion is untimely and waived unless the movant shows good cause for the delay.

TRIAL MATERIALS AND DISCLOSURE

18. **Exchange of Exhibits**: Notwithstanding Local Criminal Rule 16.1(1), a set of all copiable exhibits and demonstratives that a party intends to offer at trial—excluding those offered solely for impeachment—must be bound in three-ring binders and exchanged with all other parties, as well as **two like sets** delivered to the Court, no later than **Tuesday,**

---

[2] If a party expects to elicit testimony from a witness regarding street value of drugs, drug-distribution practices of individuals or groups, the meanings of words and phrases used by persons in the distribution of drugs, the meaning of drug notes, gang activities and practices, and the like, the party must designate that witness as an expert.

7

**February 24, 2026.** *See* Judge Specific Requirements for Judge Matthew J. Kacsmaryk, UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS, https://www.txnd.uscourts.gov/judge/judge-matthew-kacsmaryk. Each exhibit must be labeled prior to trial, identifying the offering party, the exhibit number, and the cause number. Originals and copies must be clearly designated. **Each proposed exhibit must be accompanied by the federal rule or by the rule(s) of evidence that govern its admission.**

19. **Exchange of Witness and Exhibit Lists**: Notwithstanding Local Criminal Rule 16.1(2), the parties must file with the Clerk of Court and deliver to all other parties and the court reporter separate lists of exhibits, witnesses, and demonstratives—excluding those offered solely for impeachment—no later than **Tuesday, February 24, 2026 by 4:30 p.m. (CST).** Each party's exhibit list shall be in the same format as the Court's sample exhibit list, which is attached to this Order as **Exhibit A**. The witness lists to be filed by the parties must list all witnesses—including timely designated expert witnesses—that the party may call at trial. Additionally, the witness lists must contain a brief statement of the subject matter to be covered by each witness, their designation as an "expert," "custodial," or "fact" witness, and whether the calling of each witness is "probable" or "possible." These exhibits and witness lists must be submitted in the same three ring binder referenced in **paragraph 17** of this Order. No later than **one day before the pretrial conference**, each party shall provide to the court reporter a copy of the party's witness list and a glossary of all terms likely to be uttered on the record during the trial that are technical, scientific, medical, or otherwise uncommon—and phonetic spellings, if necessary.

20. Counsel for the Government shall **deliver to** the Court and to Counsel for Defendant each evening (if not earlier) a list of witnesses he or she in good faith anticipates

8

calling the next trial day. All Jencks Act material, under 18 U.S.C. Section 3500, pertaining to each witness on the list should be delivered at the same time if it has not already been delivered pursuant to prior urgings of the Court. The Court strongly encourages the early production to Counsel for Defendant any notes made by government agents regarding interviews with witnesses that the Government expects to call to testify at trial. Also, at the close of each day's testimony, the Government shall proffer in writing, in as close to verbatim form as possible, any statements that it expects to introduce on the next trial day pursuant to Federal Rule of Evidence 801(d)(2), including any issues arising under *Bruton v. United States*, 391 U.S. 123 (1968). The court will hear objections thereto by Defendant(s) either at that time or prior to the commencement of testimony the following day.

**21. Stipulations and Objections**: Following the exchange of exhibits and lists described above, the parties shall meet and confer in-person or via telephone to ascertain whether certain exhibits may be admitted by stipulation. The parties shall file a joint list identifying which exhibits may be admitted via stipulation no later than **Monday, March 2, 2026 by 4:30 p.m. (CST)**. If Defendant intends to make evidentiary objections, Defendant shall file a list identifying each objection and the basis therefore by no later than this same day and time. In order to promote a fair and expeditious trial, **the Court intends to hear and *decide* objections to exhibits during the Pretrial Conference.** This will not preclude the parties from making a running objection on the record once for each witness and may do so when the party proffering the evidence calls these witnesses or attempts to admit and exhibit relevant to the party's objection through another witness.

**22. Time Stamps for Audio Visual Evidence**: Parties must submit a list of agreed "time stamps" for each exhibit containing audio and/or video—i.e., the precise "start" and

9

"stop" times for all exhibits—no later than **Wednesday, March 4, 2026 by 4:30 p.m. (CST)**.

If the parties cannot agree on all time stamps, the list should define which exhibits with time stamps are agreed and which are not. This list does not constitute a stipulation of admissibility by either party as to each exhibit—it serves only to assist the Court in managing technology logistics during trial. However, if the parties agree to certain time stamps, the Court will not permit either party to argue that the jury "has not seen" or "was not shown" certain portions of the audio/visual evidence. *See e.g.*, FED. R. EVID. 106 (codifying the common-law "rule of completeness"); *id.* 1001–08 ("Best Evidence Rule").

23. **Trial Brief**: Parties shall submit to the Court a trial brief not later than **Wednesday, March 4, 2026 by 4:30 p.m. (CST)**. The brief shall contain a synopsis of the case, issues expected to be raised, the party's position on those issues, and a reasoned recommendation for the Court's ruling.

If particular areas of law are at issue, counsel should argue in the trial brief how areas of law concerning multiple criminal defendants apply in the present case. This includes, but is not limited to, any privileges, and other evidentiary or constitutional issues related to Defendant's trial.

24. **Trial Binders**: No later than **Wednesday, March 4, 2026 by 4:30 p.m. (CST)**, each party shall deliver to the Court, after allowing an inspection by the opposing party, **a three-ring, tabbed trial binder** that contains: (1) a table of contents; (2) attorney contact information; (3) witness lists; (4) exhibit lists; (5) key exhibits and graphics; (6) relevant pretrial motions and orders; (7) the agreed-upon proposed jury charge; (8) relevant bench briefs and case law; (9) any other relevant documents that the Court should consider; (10) the trial brief; and (11) the list of stipulations and/or objections referenced in **paragraph**

**19** of this Order. If a party fails to submit a complete trial binder by the deadline or to comply with the requirements listed in this paragraph, the Court will order the party to show cause as to why the Court should not take appropriate disciplinary action under Local Criminal Rules 56.8(b)(2) & (b)(4).

**25. Proposed Voir Dire Questions**: Voir dire will be conducted initially by the Court with each party being allotted **twenty (20) minutes** for supplementary voir dire. Parties must email (in a Microsoft Word compatible document) any requested voir dire questions to Kacsmaryk_Orders@txnd.uscourts.gov no later than **Tuesday, March 3, 2026 by 2:00 p.m. (CST)**. Depending on the case, the Court may provide a written questionnaire for the jury pool to answer. Additionally, parties will be provided a "Juror Chart" and "Jury List" with the venire panel members plotted by venireperson in order with their name, occupation, age, and marital status printed on each space provided on or before the first date of trial.

**26. Proposed Jury Charge**: To minimize time after commencement of the trial in resolving differences in the language to be included in the Court's jury charge,

   a. Counsel for the United States of America shall deliver to Counsel for Defendant(s) a copy of its proposed jury charge no later than **Monday, March 2, 2026 by 2:00 p.m. (CST)**.

   b. Counsel for Defendant(s) shall deliver to Counsel for the United States of America no later than **Tuesday, March 3, 2026** (i) a statement, prepared with specificity, of any objection Defendant has to any part of the proposed charge that Counsel for United States of America has delivered pursuant to this paragraph, and (ii) the text of all additional instructions Defendant wishes to include in the Court's charge to the jury. Each objection and each additional instruction shall be accompanied by citations to authorities supporting

11

    Defendant's objection or request. By **10:00 a.m. on this same day**, the lead attorneys for the parties to this action shall meet face-to-face in the office of the United States Attorney for the purposes of (i) discussing, and trying to resolve, any differences between the parties as to language to be included in the proposed jury charge, and (ii) identifying areas of disagreement that cannot be resolved. The meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement. Each attorney shall cooperate fully in all matters related to the meeting.

  c. By **Thursday, March 5, 2026 by 2:00 p.m. (CST)**, Counsel for United States of America shall file with the Clerk of Court a document titled "Agreed Proposed Jury Charge," containing, in logical sequence, all <u>agreed</u> language to be included in the charge, including jury instructions and jury questions, in normal typeface. All language of the proposed jury charge about which there is a **disagreement** shall be included (i) in boldface, (ii) preceded by an indication of the identity of the party requesting the language, and (iii) followed by a listing of citations of authorities in favor of an in opposition to the proposed language. Counsel for the United States of America shall email an electronic (Microsoft Word compatible) version of the Agreed Proposed Jury Charge to Kacsmaryk_Orders@txnd.uscourts.gov.

  d. During the Pretrial Conference, the Court will review the parties' agreed-upon proposed jury charge line-by-line and adjudicate remaining areas of disagreement in order to finalize the charge prior to trial. However, pursuant to Federal Rule of Criminal Procedure 30(a) and (d), **the Court will conduct**

**a final jury charge conference at the close of evidence** and will give each party an opportunity to object to the charge as read before the jury retires to deliberate.

**PRETRIAL CONFERENCE AND TECHNOLOGY IN THE COURTROOM**

**27.** The pretrial conference is set for **Wednesday, March 4, 2026 at 205 S.E. 5th Ave., Amarillo, Texas 79101, First Floor Courtroom**. All pretrial motions not previously decided will be resolved at that time. **The Court will hear and *decide* objections to each non-stipulated exhibit**. Accordingly, the party making such objections should be prepared to cite a Federal Rule of Evidence, or Fifth Circuit Court of Appeals or Supreme Court jurisprudence in support of the objection.

**28.** If any electronic equipment is needed in the courtroom, notify Christopher Kordes, Courtroom Deputy in Charge, at Christopher_Kordes@txnd.uscourts.gov. The parties must schedule time prior to trial to familiarize themselves with the courtroom layout and technology. Each party must designate an individual to operate courtroom technology during trial.

**PLEA AGREEMENT DEADLINE**

**29.** Counsel shall complete any plea agreement negotiations no later than **Friday, March 6, 2026**. If an agreement has been reached, counsel must furnish an executed copy of the plea agreement to the Court by no later than the above day and time.

**TRIAL SCHEDULE AND CONDUCT OF COUNSEL**

**30.** To ensure a fair and efficient trial, the Court **ORDERS** that, **starting on Tuesday, March 10, 2026** and continuing through the duration of trial, parties must provide the Court with daily requirements according to the following instructions:

      **a.** The party presenting evidence the following day must email the Court (Victoria_Shrewsbury@txnd.uscourts.gov), as well as all counsel, **by 7:30 p.m. (CDT)** identifying: (1) witnesses it intends to present; (2) exhibits it intends to cover; (3) demonstratives it intends to use the following day; and (4) a summary of the testimony it intends to elicit from each witness.

      **b.** The opposing side must email the Court, as well as all counsel, **by 9:30 p.m. (CDT) the same day** specifying what, if any, objections it has to those exhibits or demonstratives. Each objection must contain the concise written basis for the objection with a citation to the relevant authority. Explanations should be in plain English. A mere citation to a rule number is insufficient. The Court will rule on those objections at **8:30 a.m. (CDT)** the next morning, time permitting, or at sidebars throughout trial.

**31.** The parties shall carefully observe the rules of courtroom decorum that are attached as **Exhibit B** to this Order. These rules are in addition to the Federal Rules of Criminal Procedure and Northern District of Texas Local Criminal Rules.

**32.** Counsel for Defendant should ensure that Defendant has appropriate court attire to wear in court during trial and that Defendant actually wears appropriate attire. If Defendant is incarcerated, Counsel for Defendant should ensure that appropriate court attire is either transported with Defendant from the prison facility or that such attire is made available to Defendant by the U.S. Marshal's office.

**33.** Except in the case of a testifying defendant or government case agent, counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his or her testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for redirect examination.

**34.** Bench conferences must be kept to a minimum. Counsel must state the legal bases for their objections without elaboration or argument, unless invited.

**35.** If a witness testifies as both a fact witness and an expert witness, it must be made clear for the jury when the witness is relying on his expertise and when he is relying only on his personal knowledge of the case. *United States v. Haines*, 803 F.3d 713, 727 (5th Cir. 2015).

**36.** Objections to exhibits and testimony may occasionally be met with the following procedure: the objection to the admission of the exhibit or the testimony will be treated as a motion to strike, with a ruling on the motion expressly reserved to the end of the day's testimony when the matter may be fully discussed out of the hearing of the jury. An exhibit treated to this procedure will not be given to the jury until the Court has ruled on the motion to strike.

**37.** The Court will discourage repetitive examination of a witness, whether on cross or direct, and will admonish or sanction counsel who fails to adequately prepare witnesses, exhibits, recordings, or video, or persists in arguing their case through direct or cross examination.

**38.** At trial, after the parties have closed, the parties shall meet for the purpose of preparing an agreed index of all exhibits admitted into evidence during the course of the trial. As to each admitted exhibit, the index must contain the exhibit number, the name of the offering party, the name of the sponsoring witness, and a description of the exhibit. The exhibit index must be delivered to the Courtroom Deputy for delivery to the jury at the commencement of deliberations.

**SO ORDERED**.

December 31, 2025

_____
MATTHEW J. KACSMARYK

UNITED STATES DISTRICT JUDGE

## EXHIBIT "A"
## DEFENDANT JOHN DOE'S EXHIBIT LIST

Below is a sample format of an exhibit list for Judge Matthew J. Kacsmaryk. Parties are free to generate and format their exhibit lists in a manner convenient to them, but the list shall contain at least the minimum information set forth below.

The exhibit list shall contain all exhibits that the parties intend to offer for admission into evidence. Those exhibits should be appropriately labeled as Plaintiff's or Defendant's exhibits, e.g., **PX-1, DX-**1. Any exhibits that have been produced by Bates Number must also include the Bates Number. Any physical exhibits that the parties intend to offer into evidence should also be listed and designated as such, e.g., **PPX-1, DPX-1**.

This list shall also include any documents or things the parties intend to use for demonstrative purposes. These are items that will not be entered into evidence, but will be used in the course of trial for demonstrative purposes and must be disclosed. They should be labeled and designated as such, e.g., **PDX-1, DDX-1**.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. JOHN DOE, Defendant. | 2:25-CR-123-Z-BR-# |
|---|---|

| PLAINTIFF'S EXHIBIT LIST ||||||||
|---|---|---|---|---|---|---|---|
| Jury Trial/Hearing Date(s): ||||||||
| Exhibit No. | Description | Bates No. | Will Use | May Use | Likely Won't Use | Objection | Admitted | Witness |
| PX-1 | Email from John Doe to Jane Doe | 000-0001 | X | | | | | |
| PDX-1 | Claim Chart | 000-0002 | | X | | | | |
| PPX-1 | Accused Product | 000-0003 | | | X | | | |

Exhibit A, Page 2

# EXHIBIT "B"

# COURTROOM DECORUM

1. The requirements stated herein are not all-inclusive, but are intended to emphasize and supplement the ethical obligations of counsel under the Code of Professional Responsibility, the Local Rules of the Northern District of Texas (Local Rule 83.16–.18, Local Criminal Rule 53.1–.3), and the time-honored customs of experienced trial counsel.

2. When appearing in this Court, all counsel (including, where applicable, all persons at counsel table) shall abide by the following, unless excused by the presiding judge:

   a. Stand as court is opened, recessed, or adjourned.

   b. Stand when the jury enters or retires from the courtroom.

   c. Stand when addressing, or being addressed by, the Court.

   d. Stand at the lectern while examining any witness, except that counsel may approach the clerk's desk or the witness for purposes of handling or tendering exhibits.

   e. Stand at the lectern while making opening statements or closing arguments.

   f. Address all remarks to the Court, not to opposing counsel.

   g. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill- feeling between the litigants or witnesses.

   h. Refer to all persons, including witnesses, other counsel, and the parties by their surnames and not by their first or given names.

   i. Only one attorney for each party may examine or cross examine each witness. The attorney stating objections, if any, during direct examination will be the attorney recognized for cross examination.

j. Any counsel who calls a witness shall have no further discussions with that witness concerning any aspect of the case or his or her testimony after the witness has been tendered for cross-examination until such time as the witness has been tendered back for re-direct examination.

k. Request permission before approaching the bench.

l. Any paper or exhibit not previously marked for identification must be marked before it is tendered to a witness for examination, and any exhibit offered in evidence must be handed to opposing counsel when offered.

m. In making objections counsel must state only the legal grounds for the objection and must withhold further comment or argument unless elaboration is requested by the Court.

n. When examining a witness, counsel may not repeat the answer given by the witness.

o. Offers of, or requests for, a stipulation must be made privately, not within the hearing of the jury.

p. In opening statements and in arguments to the jury, counsel may not express personal knowledge or opinion concerning any matter in issue (i.e., don't say "I think" or "I believe," etc.) and, may not read or purport to read from deposition or trial transcripts.

q. Counsel must admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

r. No one, including attorneys, parties, and witnesses, may bring food or drink (except bottled water) into the courtroom, nor may they chew gum.

Exhibit B, Page 2